UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED LEWIS FENNIE,

    Petitioner,

v.                                              Case No. 8:03-cv-2068-T-23TGW
**Death Case**

JAMES V. CROSBY, JR.,

    Respondent.
                                         /

## O R D E R

Alfred Fennie's petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenges the validity of his state conviction for murder, for which he was sentenced to death. The petition asserts nineteen grounds for relief. The respondent filed the state court record ("Respondent's Exhibit"), consisting of three boxes of documents. The respondent moves to dismiss Grounds III and V - XVIII (Doc. 12) for the failure to assert a constitutionally protected right or for procedural deficiencies. Fennie's opposition (Doc. 14) does not oppose the dismissal of Grounds XI and XV - XVII. Having considered the arguments of the parties and reviewed the record, this court concludes that the dismissal of some grounds is proper.

Fennie was arrested the day after the body of Mary Elaine Shearin was discovered beside a rural Hernando County road. Fennie was indicted for robbery, armed kidnapping, and first degree murder. After being found guilty, the trial court sentenced Fennie to death

in accordance with the jury's recommendation. The conviction and sentence were affirmed on direct appeal. *Fennie v. State*, 648 So.2d 95 (Fla. 1994) ("*Fennie I*"), *cert. denied*, 513 U.S. 1159 (1995). Fennie challenged his conviction and sentence in both a state Rule 3.850 motion for post-conviction relief (in which he alleged the ineffective assistance of trial counsel) and a state petition for the writ of habeas corpus (in which he alleged the ineffective assistance of appellate counsel). Fennie's challenges were rejected. *Fennie v. State*, 855 So.2d 597 (Fla. 2003)("*Fennie II*"), *cert. denied*, 541 U.S. 975 (2004). The respondent does not challenge the petition's timeliness.

## DEFICIENT ALLEGATIONS

Several of Fennie's grounds are deficient because each fails to assert the violation of a constitutionally protected right. Federal habeas corpus review is limited to violations of federal constitutional rights, not asserted violations of state law or procedure.

> A federal habeas petition may be entertained only on the ground that a petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. 1981). State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme cases. *Mendiola v. Estelle,* 635 F.2d 487, 489 (5th Cir. 1981).

*McCullough v. Singletary,* 967 F.2d 530, 535-36 (11th Cir. 1992), *cert. denied*, 507 U.S. 975 (1993).

Ground III:

In Ground III, Fennie alleges that "[i]n violation of the U.S. Supreme Court's holding in *Ring v. Arizona*, the Florida courts allowed Mr. Fennie to be sentenced to death by the

- 2 -

trial judge, with a recommendation by a non-unanimous jury, and all of the elements of first-degree murder not being charged in the indictment." This alleged trial court error occurred when Fennie was sentenced in 1992. Fennie did not assert this claim of trial court error until 2002. Fennie's claim, which is wholly dependent upon the retroactive application of *Ring v. Arizona*, 536 U.S. 584 (2002), was untimely raised because his conviction had already become final. "Ring announced a new procedural rule that does not apply retroactively to cases already final on direct review." *Schriro v. Summerlin*, ___ U.S. ___, 124 S.Ct. 2519, 2526 (2004). Consequently, Ground III fails to present a reviewable claim.

Grounds V & VI:

Grounds V and VI fail to assert an issue reviewable in a federal habeas proceeding. In Ground V, Fennie alleges that "[t]he Florida Supreme Court's failure to apply the standard announced in *Wiggins v. Smith*[1] compels this court to hear Fennie's ineffective assistance of counsel claims." In Ground VI, Fennie alleges that "[t]he Florida Supreme Court conducted a harmless error analysis that was contrary to and misapplied established federal law and constitutional protections afforded Mr. Fennie through the Sixth, Eighth, and Fourteenth Amendments." Instead of challenging the validity of Fennie's conviction or sentence, each of these two grounds disagrees with the manner in which the Florida Supreme Court reviewed the underlying substantive claim. By presenting these arguments as an independent ground for relief, Fennie asks this court to serve as an appellate court and review the decision of the Florida Supreme Court, a

---

[1] *Wiggins v. Smith*, 539 U.S. 510 (2003).

jurisdiction that this court conspicuously lacks.[2]  This court's review of the state court's rejection of Fennie's challenges to his conviction and sentence is permitted by 28 U.S.C. § 2254, but that review is limited.  Fennie's arguments can be considered when the underlying substantive claims are reviewed to determine whether the Florida Supreme Court's decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), but the arguments do not allege an independent ground for relief.  Consequently, Grounds V and VI are insufficient to assert a federal constitutional claim.

## EXHAUSTION

A petitioner must present his claims to the state courts before raising them in federal court.  "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995), quoting *Picard v. Connor,* 404 U.S. 270, 275 (1971).  *Accord, Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."), and *Upshaw v.*

---

[2] *Jones v. Crosby*, 137 F.3d 1279, 1280 (11th Cir.), *cert. denied*, 523 U.S. 1041 (1998), states:

> It is well settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision.  See *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed.2d 362 (1923).  Under the *Rooker-Feldman* doctrine, the authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States.  *Dale v. Moore*, 121 F.3d 624 (11th Cir. 1997).

- 4 -

*Singletary*, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated.").

Grounds VII & IX:

In Ground VII, Fennie alleges that "[in] violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, the trial court erred in overruling appellant's objection and denying his motion for mistrial when the prosecutor commented during his closing argument in the penalty phase on appellant's failure to testify." The respondent argues that Fennie failed to "fairly present" this ground to the state courts. With the exception of a reference to the violation of his rights protected by the Florida constitution, Ground VII, as written in the federal petition, is identical to Fennie's Point VI presented in state court on direct appeal. The respondent contends that because Fennie failed to cite any federal authorities in his state brief, he failed to "fairly present" his federal claim. The respondent's reliance on *Baldwin v. Reese*, 541 U.S. 27 (2004), is misplaced. *Baldwin* holds that a claim is not "fairly presented" when both the stated ground and the brief fail to cite a specific constitutional right or federal caselaw. The issue Fennie presented on direct appeal specifically alerted the state court that he was claiming a violation of his "Fifth, Sixth and Fourteenth Amendments to the United States Constitution." Respondent's Exhibit A18 at 67.

The respondent moves for the dismissal of Ground IX based on the same reasoning. In Ground IX, Fennie alleges that "[i]n violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, the trial court erred in denying

- 5 -

a continuance after the late disclosure of a material state witness which deprived the defense of the opportunity to investigate potential impeachment evidence to use against the witness." Fennie's specific reference to "Fifth, Sixth and Fourteenth Amendments to the United States Constitution" was sufficient to notify the state court that Fennie was asserting a federal claim. Consequently, Grounds VII and IX were "fairly presented" to the state courts and are entitled to a review on the merits.

Ground XIII:

In Ground XIII, Fennie alleges that "[t]he jury's death recommendation[,] which was accorded great weight by the trial court[,] was tainted by consideration of invalid aggravating circumstances, in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments." Fennie argues that he raised this claim in his initial brief on direct appeal. Respondent's Exhibit A18 at 70. However, the claim Fennie actually raised on direct appeal[3] alleged that the trial court erroneously found several aggravating factors as justification for the death sentence, whereas in his federal petition Fennie challenges the validity of the jury's death recommendation. The two claims are not the same. *See, e.g., Duncan v. Henry*, 513 U.S. at 366 ("Mere similarity of claims is insufficient to exhaust."), and *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983)("The exhaustion requirement is not satisfied if a petitioner presents new legal theories or entirely new factual claims in support of the writ before the federal court."). Consequently, Ground XIII will not be

---

[3] Fennie's Point VII raised on direct appeal was as follows: "In violation of the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section 17 of the Florida Constitution, the trial court erred in imposing the death sentence based upon erroneous findings of several aggravating factors." Respondent's Exhibit A18 at 70.

- 6 -

reviewed on the merits because Fennie never presented this specific claim to the state courts.

Ground XIV:

In Ground XIV, Fennie alleges that his "sentence to death violated the Eighth and Fourteenth Amendments to the United States Constitution because of the improper application of the aggravating factor of pecuniary gain, and because of the improper instructions given to Mr. Fennie's jury regarding this aggravator. Defense counsel was ineffective for failing to object and propose adequate instructions." The respondent argues that the claim is procedurally barred from federal review. Fennie raised this claim in his motion for post-conviction relief. Respondent's Exhibit C14, Claim XX at 2435. The court summarily rejected the claim, ruling that the underlying substantive claim was procedurally barred because it should have been raised on direct appeal and the claim of ineffective assistance of counsel was without merit. Respondent's Exhibit C16 at 2831. Fennie's brief on appeal from the denial of post-conviction relief, Respondent's Exhibit C32, did not include a challenge to the aggravating factor of pecuniary gain. Fennie's failure to include this claim on appeal amounts to an abandonment of Ground XIV. Consequently, Ground XIV, which is unexhausted and now procedurally defaulted, will not be reviewed on the merits.

## PROCEDURAL DEFAULT

A petitioner requesting a federal court to issue a writ of habeas corpus must present his claims to the state courts in the procedurally correct manner. *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995). The procedurally correct way to a raise claim of trial court

error is on direct appeal. The procedurally correct way to raise a claim of ineffective assistance of trial counsel in the Florida state courts is in a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The procedurally correct way to present the Florida state courts with a claim of ineffective assistance of appellate counsel is in a petition for the writ of habeas corpus filed with the appropriate Florida District Court of Appeal. Fennie's petition presents claims of trial court error and ineffective assistance of both trial and appellate counsel.

Before a claim is procedurally barred from federal review, a state court must reject reviewing the claim that was presented in an incorrect manner and the rejection must be based on the procedural default. "Thus, the mere fact that a federal claimant failed to abide by a state procedural rule does not, in and of itself, prevent this Court from reaching the federal claim: 'The state court must actually have relied on the procedural bar as an independent basis for its disposition of the case.'" *Harris v. Reed*, 489 U.S. 255, 262 (1989), quoting *Caldwell v. Mississippi,* 472 U.S. 320, 327 (1985). The state court must state that it is enforcing its state procedural rules. "[I]f 'it fairly appears that the state court rested its decision primarily on federal law,' this Court may reach the federal question on review unless the state court's opinion contains a 'plain statement' that its decision rests upon adequate and independent state grounds." *Harris v. Reed*, 489 U.S. at 261, quoting *Michigan v. Long*, 463 U.S. 1032, 1042 (1983). Consequently, citing to the state procedural rule and stating that the claim "could have been raised on direct appeal" or in some prior proceeding is insufficient. *Harris v. Reed*, 489 U.S. at 266. *See also Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir.) ("[W]here a state court has ruled in the alternative,

- 8 -

addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim."), *cert. denied*, 513 U.S. 1061 (1994).  Consequently, the initial question is whether the state court issued a "plain statement" applying its independent and adequate state procedural bar.

Grounds VIII & X:

As written, Ground VIII alleges two separate but related claims.  "The prosecutors' inflammatory and improper comments and arguments rendered Mr. Fennie's death sentence fundamentally unfair and unreliable in violation of the Sixth, Eighth, and Fourteenth Amendments.  Appellate counsel was ineffective for failing to raise this claim on direct appeal."  Fennie properly raised the ineffective assistance of appellate counsel claim in his state petition for the writ of habeas corpus.  Respondent's Exhibit C31 at 29.

Ground X is related to Ground VIII.  In Ground X, Fennie alleges that his "death sentence is fundamentally unfair and unreliable, in violation of the Fifth, Sixth, and Eighth Amendments due to the state's introduction of non-statutory aggravating factors and the state's arguments upon non-statutory aggravating factors.  Defense counsel's failure to object or argue effectively constituted ineffective assistance."  Whereas in Ground VIII Fennie alleged that appellate counsel was ineffective, in Ground X Fennie alleges that trial counsel was ineffective.  Fennie properly presented this claim of ineffective assistance of trial counsel as Claim XII in his Rule 3.850 motion for post-conviction relief.  Respondent's Exhibit C14 at 2403.

The Florida Supreme Court rejected both claims in a lengthy analysis, *Fennie II*, 855 So.2d at 609-11, when the court was reviewing Fennie's state Rule 3.850 motion for post-conviction relief and his state petition for the writ of habeas corpus. The court did not, however, limit its review to claims of ineffective assistance of counsel. To the contrary, the court rejected the merits of the underlying claim of prosecutorial misconduct and the introduction of nonstatutory aggravating factors. Consequently, Grounds VIII and X are entitled to a review on the merits in their entirety (both the underlying claim of trial court error and the concomitant claim of ineffective assistance of counsel) because the Florida Supreme Court did not apply the state's procedural bar rule.

Ground XII:

Fennie alleges that "[t]he trial court's sentencing order does not reflect an independent weighing or reasoned judgment" in three specific areas. Fennie raised this claim in his state petition for the writ of habeas corpus. The Florida Supreme Court ruled that the substantive claim was procedurally barred and that the claim of ineffective assistance of appellate counsel was meritless.

> As a threshold matter, Fennie's substantive claim, that the trial court erred in failing to independently weigh the aggravating and mitigating circumstances, is procedurally barred, as Fennie could have and should have raised the issue on direct appeal. *See Harvey v. Dugger,* 656 So.2d 1253, 1256 (Fla.1995); *Roberts v. State,* 568 So.2d 1255, 1258 (Fla.1990).

*Fennie II*, 855 So.2d at 607. Consequently, the underlying substantive claim is barred from review because the court's opinion contains the requisite "plain statement" applying the state's procedural bar rule. However, the claim in Ground XII that appellate counsel was ineffective is entitled to a review on the merits.

- 10 -

Ground XVIII:

In Ground XVIII, Fennie alleges the following:

The lower court erred in denying Mr. Fennie a hearing on two of his postconviction claims.  Mr. Fennie's constitutional right to a fair trial was denied by the state attorney's misconduct in repeatedly referring to rape in a deliberate attempt to arouse the jury's deep-rooted fears of African-American men.  Trial counsel was ineffective for failing to object to the state's fundamentally prejudicial arguments.  Mr. Fennie's death sentence is fundamentally unfair and unreliable, in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments due to the state's introduction of non-statutory aggravating factors.  Defense counsel's failure to object or argue effectively constituted ineffective assistance.

The respondent argues that the underlying substantive component of this claim is procedurally barred from federal review.  Fennie raised this claim in his motion for post-conviction relief.  Respondent's Exhibit C14, Claim XII at 2403.  The court summarily rejected the claim, ruling that the underlying substantive claim was procedurally barred because it should have been raised on direct appeal and the claim of ineffective assistance of counsel was without merit.  Respondent's Exhibit C16 at 2827.  The Florida Supreme Court affirmed. "[W]e conclude that the trial court appropriately summarily denied two of Fennie's postconviction claims as both were either legally insufficient or clearly refuted by the record.  *See Gaskin v. State,* 737 So.2d 509, 516 (Fla.1999)." *Fennie II*, 855 So.2d at 602 fn3.  Consequently, the underlying substantive claim is barred from review, *see Harris v. Reed*, 489 U.S. at 261, but the claim in Ground XVIII that trial counsel was ineffective is entitled to a review on the merits.

Accordingly, the respondent's motion to dismiss (Doc. 12) is **GRANTED** to the extent that Grounds III, V, VI, XI, XII (in part), XIII, XIV, XV - XVII, and XVIII (in part) are **DISMISSED** for procedural reasons.  The respondent has thirty (30) days to file an answer

- 11 -

addressing the merits of the claims remaining in the petition: Grounds I, II, IV, VII, VIII, IX, X, XII (ineffective assistance of appellate counsel), XVIII (ineffective assistance of trial counsel), and XIX.  Fennie has thirty (30) days to respond and the respondent has twenty (20) days to reply.

ORDERED in Tampa, Florida, on April 3, 2006.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro